UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JESSICA SZABO, a.k.a. JESSICA C.
GRAHAM,

                      Plaintiff,[1]

          - against -

LEGAL AID SOCIETY; COUNTY OF
RICHMOND; KAREN HAMBERLIN;
SAMANTHA SMALLS; DOE; NEW YORK
CITY CORRECTIONS; CITY OF
NEW YORK; STATE OF NEW YORK,

                      Defendants.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
17-MC-219 (PKC)

PAMELA K. CHEN, United States District Judge:

This is the eleventh action that Plaintiff Jessica Szabo (a.k.a. Jessica C. Graham, *see* Dkt.1, at ECF 6 (listing her alias))[2] has filed in this court since October 2, 2014.[3] By order dated April 30, 2015, Plaintiff was permanently enjoined and restrained from filing any new *in forma pauperis* actions in the United States District Court for the Eastern District of New York without first obtaining leave of the Court. *See Graham v. Interpersonal Development*, No. 15-cv-459 (E.D.N.Y. filed Jan. 28. 2015) (Dkts. 9, 10).

---

[1] The Court notes that Plaintiff's use of the name "Jessica C. Szabo" appears to be an attempt to circumvent the filing injunction to which she is subject. The Court previously warned Plaintiff against using this tactic. *See Graham v. City of New York*, No. 16-cv-3683 (E.D.N.Y. July 20, 2016) (Dkt. 5). As an administrative matter, the Court hereby amends the caption of this action to name Jessica C. Graham as an alias.

[2] The Court refers to the page numbers generated by the court's Electronic Case Filing ("ECF") system, and not the document's internal pagination.

[3] Plaintiff has initiated the following suits since October 2, 2014, many of which involve child-custody-related disputes: *Graham v. Quirk*, No. 14-cv-5815 (E.D.N.Y. filed Oct. 2, 2014); *Graham v. Yazdani*, No. 14-cv-6020 (E.D.N.Y. filed Oct. 10, 2014); *Graham v. Rawley*, No. 14-cv-6022 (E.D.N.Y. filed Oct. 10, 2014); *Graham v. Quirk*, No. 14-cv-6676 (E.D.N.Y. filed Nov.

On January 20, 2017, Plaintiff, who is presently detained at the Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson"), filed a letter requesting permission to file a new complaint, along with her proposed complaint (Dkt. 1), an application to proceed *in forma pauperis*, and a prisoner authorization form. The Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this memorandum and order. For the reasons set forth below, Plaintiff's proposed complaint fails to state a claim upon which relief may be granted. However, in an abundance of caution, Plaintiff is granted an opportunity to amend her complaint to state a cognizable claim related solely to her allegations of an improper psychiatric examination at the New York State Supreme Court, Kings County, which led to her involuntary commitment.

## DISCUSSION

Under 42 U.S.C. § 1983 ("Section 1983"), Plaintiff brings this action against the City of New York, the State of New York, the New York City Department of Corrections, "Doe" Director of Mental Health, the Legal Aid Society, and two of its attorneys. Although Plaintiff's proposed complaint is far from a model of clarity, she references New York Criminal Procedure Law Section 730, which establishes the procedures for determining competency. Plaintiff alleges, *inter alia*,[4]

---

10, 2014); *Graham v. DiStasio*, No. 14-cv-6677 (E.D.N.Y. filed Nov. 10, 2014); *Graham v. Criminal Court of the City of New York*, No. 15-cv-337 (E.D.N.Y. filed Jan. 20, 2015); *Graham v. Family Court of the State of New York*, No. 15-cv-419 (E.D.N.Y. filed Jan. 26, 2015); *Graham v. N.Y. Ctr. for Interpersonal Development*, No. 15-cv-459 (E.D.N.Y. filed Jan. 28, 2015); *Graham v. Richmond University Medical Hospital*, No. 15-cv-889 (E.D.N.Y. filed Feb. 17, 2015); *Graham v. City of New York*, No. 16-cv-3683 (E.D.N.Y. filed June 28, 2016); *Szabo v. New York State Office of Mental Health*, No. 17-cv-554 (E.D.N.Y. filed January 29, 2017). All of the actions have since been terminated except *Graham v. Quirk*, No. 14-cv-5815, and *Graham v. City of New York*, No. 16-cv-3683, which remain open.

[4] Plaintiff also alleges that she is falsely imprisoned and has been subjected to physical and sexual assault, and to identity theft. However, she does not allege any facts as to who committed such assaults and theft against her or where and when they occurred. (*See* Dkt. 1 at ECF 5.) To the extent that these occurred at Mid-Hudson, which is located in New Hampton, New York, the

that following a hearing in Kings County Supreme Court, the court ordered a psychiatric examination into her competency.[5] Plaintiff appears to argue that the State court proceedings violated her constitutional rights by subjecting her to an examination held in the courthouse and then failing to order a second psychiatric examination of her before rendering a determination on her competency.[6] She further alleges that she was improperly committed from June 2016 until October 2016, and again starting on November 15, 2016.[7] (Dkt. 1 at ECF 5.) Plaintiff seeks for this Court to: (1) bar Defendants from further examination of her; (2) "bar Defendants from

---

proper venue is the United States District Court of the Southern District of New York. The Court also notes that Plaintiff's proposed complaint references a pending Section 1983 action in the Southern District of New York, in which Plaintiff filed a Section 1983 action alleging that her civil rights were violated during her confinement at Mid-Hudson. *See Szabo v. Mid-Hudson Forensic Psychiatric Center*, No. 7:16-cv-7293 (VB) (filed Sept. 19, 2016).

[5] When a local criminal court is presented with a defendant who may be unfit to stand trial, the court must order an examination of the defendant, *see* N.Y. Crim. Proc. Law § 730.30(1). Under New York Criminal Procedure Law, an "incapacitated person" is defined as "a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense." *Id.* § 730.10(1). Upon a finding by the local court that a defendant is an incapacitated person, Section 730.40(1) requires the court to "issue a final or temporary order of observation committing him to the custody of the [Commissioner of Mental Health] for care and treatment . . . for a period not to exceed ninety days from the date of the order." *Id.* § 730.40(1). If the charge is for a misdemeanor, the order must be a "final order of observation;" if the accusatory instrument is a felony complaint, it must be a "temporary order," unless the district attorney consents to a final order. *Id.*

[6] Article 9 of New York's Mental Hygiene Law sets out the state's civil commitment scheme. Article 9 provides that a patient may be involuntarily committed to a psychiatric facility, if she is: (1) in need of inpatient care that is "essential to [her] welfare," (2) "unable to understand the need for such care and treatment," and (3) poses "a substantial risk of physical harm" to herself or others. N.Y. Mental Hygiene Law §§ 9.01, 9.27. The patient can be admitted for treatment "upon the certificates of two examining physicians, accompanied by an application for admission." *Id.* § 9.27. It is unclear whether Plaintiff's two alleged commitments between June 2016 and November 2016 were pursuant to New York Mental Hygiene Law.

[7] However, Plaintiff does not allege where she was committed. (*See* Dkt. 1.)

3

illegally committing her"; (3) order Defendants to use Jessica Szabo as Plaintiff's name rather than Jessica Graham; and (4) award $50,000,000 in monetary damages. (Dkt. 1 at ECF 6.)

I.  **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. §1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* §1915A(b)(1); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring district court to dismiss an *in forma pauperis* action under same circumstances as 28 U.S.C. §1915(A)(b)(1)). An action "is frivolous when either: (1) the factual contentions are clearly

4

baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Rishar v. U.S.*, 632 F. App'x. 50, 51 (2d Cir. 2016) (summary order) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).

## II. SECTION 1983 CLAIM

Plaintiff's involuntary commitment claim is brought under Section 1983, which provides a cause of action for anyone subjected "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of State law. 42 U.S.C. §1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). To state a claim under Section 1983, "a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999); *see Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (citing *Gomez v. Toledo*, 446 US. 635, 640 (1980)).

Broadly construing Plaintiff's allegations, the Court infers that Plaintiff is challenging her involuntary commitment. A Section 1983 action premised upon involuntary civil commitment for a psychiatric evaluation raises two potential constitutional issues: the right to due process under the Fourteenth Amendment, *see Rodriguez v. City of New York.*, 72 F.3d 1051, 1061 (2d Cir. 1995); *see also Drozdik v. City of New York,* No. 01–CV–3300, 2003 WL 366639, at *4 (S.D.N.Y. Feb. 20, 2003), and a person's Fourth Amendment right against unreasonable search and seizure. *See Glass v. Mayas,* 984 F.2d 55, 58 (2d Cir. 1993); *Mittelman v. Cnty. of Rockland*, No. 07–CV–

5

6382, 2013 WL 1248623, at *23 (S.D.N.Y. Mar. 26, 2013). However, for the reasons stated below, Plaintiff has brought this suit against improper Defendants.[8]

### A. New York City Department of Corrections

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396. The New York City Department of Corrections ("DOC") is an agency of the City of New York that lacks an independent legal existence and is not a suable entity. *See, e.g.*, *McNeil v. City of New York, NYPD*, No. 13–CV–4579, 2013 WL 4761142, at *2 (E.D.N.Y. Sept. 3, 2013) (holding that DOC and other "agencies of the City of New York [ ] lack independent legal existence and are not suable entities"); *Campbell v. New York City*, No. 12 CV 2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (dismissing claims against DOC on the ground that it is a non-suable entity). Thus, any action alleging illegal or unconstitutional conduct by the DOC can only be brought against the City of New York.

### B. The City of New York

While Plaintiff also asserts her claim against the City of New York (the "City"), she fails to sufficiently allege a cause of action against the City. In order to sustain a claim for relief under Section 1983 against a municipal defendant such as the City, Plaintiff must show the existence of an officially adopted policy or custom that caused injury, and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Absent a

---

[8] Although Plaintiff listed the County of Richmond as one of the Defendants, the Complaint includes no allegations directed to the county.

showing of a custom, policy, or usage, a municipality cannot be held liable under Section 1983 on the basis of *respondeat superior* for the tort of its employee. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("[U]nder § 1983, local governments are responsible only for 'their *own* illegal acts.' . . . They are not vicariously liable under § 1983 for their employees' actions.").

"A policy or custom may be established by any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom through which constructive notice is imposed upon policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff." *Moran v. Cnty. of Suffolk*, No. 11 Civ. 3704, 2015 WL 1321685 (E.D.N.Y. Mar. 24, 2015) (citing *Parker v. City of Long Beach,* 563 F. App'x 39 (2d Cir. 2014), *as amended,* (Apr. 21, 2014) (failure to train); *Matusick v. Erie Cnty. Water Auth.,* 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); *Hines v. Albany Police Dep't,* 520 F. App'x 5, 7 (2d Cir. 2013) (actions of policymakers); *Schnitter v. City of Rochester,* 556 F. App'x 5, 8 (2d Cir. 2014) (failure to train or supervise); *Missel v. Cnty. of Monroe,* 351 F. App'x 543, 545 (2d Cir. 2009) (formal policy and act of a person with policymaking authority for the municipality)). Here, Plaintiff fails to allege any facts to show that she has a claim against the City of New York. *See Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (summary order) (claim against municipal entity was properly dismissed under 28 U.S.C. § 1915 for "failure to plausibly allege that any constitutional violation resulted from a custom, policy or practice of the municipality"). Accordingly, Plaintiff is denied permission to file this complaint against the City of New York.

## C. The State of New York

The Eleventh Amendment immunity shields the State from any federal lawsuit against it "in its own name regardless of the relief sought," unless "[it] has waived its Eleventh Amendment immunity or Congress has overridden it." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). "It is axiomatic that the State has not agreed to waive, nor has Congress intended to override, the State's immunity from being sued in federal court based on Section 1983." *Wallace v. New York*, 40 F. Supp. 3d 278, 304 (E.D.N.Y. 2014) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979) and *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39 (2d Cir. 1977)). Thus, Plaintiff is barred from suing the State of New York.

## D. The Legal Aid Society and its Attorneys

The Legal Aid Society and its attorneys, Samantha Smalls ("Smalls") and Karen Hamberlin ("Hamberlin"), are not State actors amenable to suit under Section 1983. *See Caroselli v. Curci*, 371 F. App'x. 199, 201 (2d Cir. 2010) (summary order) (holding that neither the New York State Legal Aid Society nor one of its attorneys was a State actor amenable to suit under Section 1983); *Brown v. Legal Aid Society*, 367 F. App'x. 215, 216 (2d Cir. 2010) (summary order) (holding that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" (citation and quotation marks omitted)). Accordingly, Plaintiff has incorrectly filed this complaint against the Legal Aid Society and attorneys Smalls and Hamberlin.

Furthermore, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. New York State Dept. of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Plaintiff's proposed complaint does not include

any factual allegations to sufficiently link any acts or omissions by the Legal Aid Society, Smalls, or Hamberlin to the alleged constitutional violation relating to her psychiatric examination.

### E. Director of Mental Health

Plaintiff's proposed complaint contains no factual allegations against John or Jane Doe, the Director of Mental Health, and it is unclear to what organization Plaintiff is referring.[9] Accordingly, even liberally construed, the proposed complaint fails to allege sufficient facts to link any acts or omissions by the John or Jane Doe Director of Mental Health to any violation of Plaintiff's constitutional rights.

## III. LEAVE TO AMEND

Plaintiff appears to allege that her involuntary commitment was imposed in violation of State procedures and thus deprived her of constitutionally protected interests.[10] Accordingly, Plaintiff is granted thirty (30) days from the date of this order to submit an amended complaint solely regarding her allegations of involuntary commitment stemming from the Kings County court proceedings.

In order to bring a due process claim pursuant to Section 1983, Plaintiff must name individual defendants who could be held personally liable for the alleged deprivation of her

---

[9] The only allegation in the Complaint relating to an organization is that "[t]he Plaintiff was improperly examined by a Psychiatrist and a Psychologist at Supreme Court in Brooklyn County without an Order of examination." (Dkt.1 at ECF 5.)

[10] The Court notes that, after filing the instant action, Plaintiff filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging her commitment at Mid-Hudson. *See Szabo v. New York State Office of Mental Health*, No. 17-cv-554. To the extent Plaintiff is challenging her continuing commitment at Mid-Hudson, the proper venue for that claim is in the Southern District of New York. However, if Plaintiff is claiming that she was subjected to an unconstitutional competency or commitment examination or proceeding in Kings County Supreme Court, venue for that claim might be in this district, provided Plaintiff can adequately state a Section 1983 claim on that basis in her amended complaint.

constitutional rights. Even if Plaintiff does not know the full names of the individuals who she alleges violated her rights, she may designate "John or Jane Doe" defendants by providing identifying information, such as physical descriptions, where they are employed, and the role each played in the alleged deprivation of her rights. Furthermore, Plaintiff must state whether the criminal and/or commitment proceedings in Kings County Supreme Court are still pending.[11] Where available, she should provide copies of the legal documents related to the proceedings.

## CONCLUSION

Accordingly, Plaintiff is granted thirty (30) days' leave from the date of this Order to file an amended complaint. The Clerk of Court is directed to assign this action a new civil docket number and administratively close the instant miscellaneous action. The Court's order barring Plaintiff from filing future *in forma pauperis* complaints without first seeking the Court's leave remains in effect. The Clerk of Court is directed to return, without filing and without judicial order, any future *in forma pauperis* complaint submitted by Plaintiff that does not comply with the Court's filing injunction. Finally, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[11] To the extent that Plaintiff alleges that her federal rights are being violated in connection with a pending state criminal proceedings and seeks injunctive relief, abstention by the Court is appropriate. *See Graham v. Crim. Ct. of the City of New York.*, No. 15 CV 00337, 2015 WL 427981, at *2 (E.D.N.Y. Feb. 2, 2015) (discussing *Younger v. Harris,* 401 U.S. 37, 43–44 (1971) and stating that "absent extraordinary circumstances, this Court must abstain from exercising jurisdiction over plaintiff's federal claims where doing so would intrude into ongoing state criminal proceedings").

The Clerk of Court is directed to mail a copy of this order to Plaintiff at both Mid-Hudson Forensic Psychiatric Center and the Rose M. Singer Center at Rikers Island, noting Plaintiff's identification number.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 19, 2017
      Brooklyn, New York