UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JESSICA SZABO, a.k.a. JESSICA C. GRAHAM,

                     Plaintiff,[1]

       -against-                       **MEMORANDUM & ORDER**
                                                  17-CV-02340 (PKC)(LB)
CHERYL PARADIS, PSY. D, and
FIONA RADCLIFFE, PH.D.,

                     Defendants.
----------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      On January 20, 2017, Plaintiff filed the instant action *pro se*, alleging that her involuntary commitment to a mental health facility was imposed in violation of state procedures and thus deprived her of constitutionally protected interests under 42 U.S.C. § 1983. (*See generally,* Complaint "Compl.", Dkt. 1.) On May 9, 2017, Plaintiff filed an Amended Complaint, naming two Jane Doe defendants, who were later identified as Defendants Cheryl Paradis, Psy. D., and Fiona Radcliffe, Ph.D., both employees of the New York City Health & Hospitals system. Pending before the Court is Defendants' motion to dismiss the Amended Complaint in its entirety. For the reasons stated herein, Defendants' motion to dismiss is granted.

---

[1] The Court notes that Plaintiff's use of the name "Jessica Szabo" appears to be an attempt to circumvent a filing injunction to which she is subject. The Court previously warned Plaintiff against using this tactic; in any event, Plaintiff uses the name "Jessica Graham" in her Amended Complaint. (*See* Dkt. 7 (Plaintiff's Amended Complaint ("Am. Compl.")); *see also* Dkt. 4 (Filing Injunction); Order at 1 n.1, *Graham v. City of N.Y.*, No. 16-cv-3683 (E.D.N.Y.) (Dkt. 5)). As an administrative matter, the Court hereby amends the caption of this action to name Jessica C. Graham as an alias.

**BACKGROUND**

In her Amended Complaint, Plaintiff alleges that she was arraigned on April 17, 2016, in Richmond County Criminal Court.[2] (Am. Compl., Dkt. 7, at ECF 4.)[3] The presiding justice, the Honorable Stephen J. Rooney, ordered that Plaintiff undergo an examination, pursuant to Article 730 of New York Criminal Procedure Law, NY CPL § 730.50, to determine Plaintiff's mental and/or psychological capacity and competence to stand trial after Plaintiff was charged with a crime. (*Id.*) While the exact sequence of events is unclear based on the Amended Complaint, it appears that Plaintiff was examined on May 5, 2016 by Defendants, that Justice Rooney reviewed Defendants' report and determined that Plaintiff was not competent to stand trial, and that Justice Rooney adjudicated Plaintiff an incapacitated person on May 18, 2016, committing her to the custody of the New York State Office of Mental Health pursuant to Article 730. (*Id.*)[4]

The Amended Complaint alleges that three NY CPL § 730 orders of commitment were improperly issued. (*Id.*)[5] Plaintiff alleges that the May 18, 2016 order was improper because there was no written order of examination and because the examination was conducted at the wrong place. (*See* Am. Compl. at ECF 4.) She further alleges that she was not examined prior

---

[2] The allegations in the Amended Complaint are accepted as true for purposes of this motion.

[3] Citations to ECF refer to the pagination generated by the CM/ECF docketing system and not the document's internal paginations.

[4] Plaintiff was committed to the custody of the Commissioner of Office of Mental Health for a period not to exceed one year. (*Id.*; Dkt. 7-1, at ECF 2; *People v. Graham*, Supreme Court No. 00111-2016.)

[5] Plaintiff attaches to the Amended Complaint the three orders of commitment, dated May 18, 2016, November 7, 2016, and January 18, 2017, and each signed by Justice Rooney. (*See* Am. Compl., Dkt. 7-1, Exhibits "A" – "C.")

to the issuance of either of the latter two orders. (*Id.*) As relief, Plaintiff seeks to have the Court vacate the three orders of commitment and bar Defendants from examining her without an order of examination, as well as damages of over $50 million from each Defendant. (*Id.*) On July 11, 2017, the Court found that Plaintiff's Amended Complaint stated causes of action against Defendants[6] for false imprisonment and due process violations, stemming from Plaintiff's involuntary commitment, which began on or about May 5, 2016, and allowed those claims to proceed. (Dkt. 10.)

Defendants filed their motion to dismiss on March 19, 2018 under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of subject matter jurisdiction and FRCP 12(b)(6) for failure to state a claim upon which relief may be granted. (Dkt. 25.) Plaintiff has not responded, despite being granted additional time to do so and despite being warned that the failure to respond within the extended deadline would result in forfeiture of her right to do so.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim over which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction has the burden to prove the Court's jurisdiction by a preponderance of the evidence. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000) (citing *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996)). The Court may consider affidavits and other material

---

[6] On August 11, 2017, at the Court's direction, the New York State Office of the Attorney General identified Defendants, originally named as Jane Doe 1 and Jane Doe 2, as Defendants Paradis and Radcliffe. Both Defendants were served on September 22, 2017. (*See* Dkts. 12, 13, 16 and 17.) Plaintiff's Amended Complaint was thus deemed amended as against Defendants Paradis and Radcliffe on August 18, 2017. (*See* Dkts. 10 and 13.)

3

outside of the pleadings to resolve the jurisdictional issue. *J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir. 2004) (case citations omitted).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). At the same time, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on

which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

I. **The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Request for Injunctive Relief**

The Court lacks subject matter jurisdiction over Plaintiff's request for injunctive relief, which seeks to have the Court vacate her three state court commitment orders. This request is barred by the *Rooker-Feldman* doctrine. Under the *Rooker–Feldman* doctrine, "federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The doctrine is "rooted in the principle that 'appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court.'" *Vossbrinck,* 773 F.3d at 426 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283-84 (2005)). There are four requirements for the application of *Rooker–Feldman*: (1) the federal court plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by a state court judgment"; (3) the plaintiff "invite[s] . . . review and rejection of that judgment"; and (4) the state judgment was "rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005) (internal alterations and quotation marks omitted).

All four factors are clearly met in this case. First, an adjudication of incompetency and an order of commitment to a mental health facility pursuant to NY CPL § 730 constitutes a loss in the state court proceedings under *Rooker-Feldman*. *See Murray v. Wack*, No. 94-CV-1674 (SAS), 1996 WL 374142, at *2 (S.D.N.Y. July 3, 1996) (holding federal court lacked subject matter

5

jurisdiction over New York State Supreme Court adjudication of incompetency and order of commitment under *Rooker-Feldman*).

Second, Plaintiff's claims that the three commitment orders violated her due process rights, resulted in her false arrest/imprisonment, and caused her emotional distress all allege injuries arising from the challenged state court judgments. (Am. Compl., Dkt. 7, at ECF 4-5.) *See Hoblock*, 422 F.3d at 87 (a party suing in federal court on the grounds that a state court judgment violates her federal substantive due-process rights complains of an injury caused by the state judgment).

Third, Plaintiff is seeking this Court's review and rejection of the state court commitment proceedings on the alleged bases that (1) the first commitment order was not preceded by a written order of examination, (2) that the first examination took place in an improper location, and (3) that the second and third orders were not preceded by examinations.

Fourth, the state court commitment orders, dated May 18, 2016, November 7, 2016, and January 18, 2017, were all entered prior to January 20, 2017, the date Plaintiff filed her original Complaint. (*Compare* Am. Compl. at Exhibits "A"- "C" *with* Compl., Dkt. 1.)

Thus, *Rooker-Feldman* bars Plaintiff's request for injunctive relief in the form of vacating the three state court orders of commitment. *See Murray,* 1996 WL 374142 at *2 ("This order is 'inextricably intertwined' with the present complaint because Plaintiff's allegation that his commitment to [a mental health facility] was a constitutional deprivation is bound up with the judgment by the state court ordering him to a mental health facility. An exercise of jurisdiction by this Court would, in effect, result in an appeal of the state court order. This is beyond the

power of federal district courts.").[7] Because the Court lacks subject-matter jurisdiction over Plaintiff's request that her commitment orders be vacated, it is dismissed.[8] *Makarova*, 201 F.3d at 113 ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.").

## II. The Amended Complaint Fails to Allege Defendants' Personal Involvement

Plaintiff's due process and false arrest/imprisonment claims, for which she is seeking damages, must also be dismissed, because the Amended Complaint fails to sufficiently allege these claims against Defendants. In reaching this conclusion, the Court is aware that previously, on July 11, 2017, the Court ruled that Plaintiff's Amended Complaint stated causes of action against Defendants Jane Doe 1 and Jane Doe 2, now identified as Defendants Paradis and Radcliffe, for false imprisonment and due process violations. (Dkt. 10.) However, with the benefit of briefing on the relevant issues and upon further review, the Court *sua sponte* reconsiders and vacates its July 11, 2017 ruling, and finds that the Amended Complaint fails to allege the personal involvement of Defendants in any conduct giving rise to Plaintiff's due process and false arrest/imprisonment claims. *See generally, Davis v. Masunaga Grp., Inc.,* 204 F. Supp. 2d 665

---

[7] The record does not indicate whether Plaintiff has appealed her commitment orders in state court and whether any such appeals are still pending. However, the possibility of any pending appeals does not affect the applicability of *Rooker-Feldman* to this case. "Though the Supreme Court has applied the *Rooker–Feldman* doctrine only in the context of final state judgments, 'there is no requirement that a state court judgment be fully appealed through the state system as a condition precedent to the application of the *Rooker–Feldman* doctrine.'" *Murray,* 1996 WL 374142, at *2 n. 2 (quoting *King v. James,* No. 91-CV-952 (NPM), 1991 WL 255110, at *3 (N.D.N.Y. 1991)).

[8] As discussed *infra*, because the Court is dismissing all claims against Defendants, Plaintiff's other request for injunctive relief, namely, that the Court bar Defendants from examining her in the future without an order of examination, is moot, along with her request for damages.

(S.D.N.Y. 2002) (*sua sponte* reconsidering a prior denial of a motion to dismiss, vacating prior order, and granting defendant's motion to dismiss).

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. New York State Dept. of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). To state a claim against individual defendants under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (collecting cases) ("to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation.")

Here, although Defendants are named in the caption (as Jane Does), they are not mentioned again anywhere in the Amended Complaint. Plaintiff has not alleged that either Defendant was involved in any of the events that form the bases of her due process and false imprisonment claims, namely, the alleged absence of a written order of examination before her first commitment, the conducting of the initial examination in the wrong place, and the absence of any examination before Plaintiff's second and third commitments. (*See* Am. Compl. at ECF 4.) Indeed, Plaintiff has not identified any act, or failure to act, by either Defendant. At most, Plaintiff alleges that she was "never examined by two new doctors to be committed a second time or for [the] third order." (*Id.*) Yet, even this allegation is not connected to either Defendant. Thus, because Plaintiff has

not sufficiently alleged either Defendant's personal involvement in her Amended Complaint[9], all claims against Defendants must be dismissed.

## CONCLUSION

For the reasons stated herein, the Court grants Defendants' motion to dismiss. The Clerk of Court is respectfully requested to enter judgment and close the case accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2018
      Brooklyn, New York

---

[9] To the extent Plaintiff might have sought to address this defect, she forfeited that opportunity by not responding to Defendants' motion. *See Iqbal*, 556 U.S. at 678.